Harris, J.
The first, exception is founded upon the statement of the bill that the plaintiff has reason to believe, and does believe, that the defendant has equitable interests, things in action or other property of the value of one hundred dollars, &c. In answer to this allegation, the defendant has merely denied that he has equitable interests, &c. of the value of one hundred dollars. The plaintiff insists that in answering this allegation the defendant was bound to state whether he was possessed of any property; leaving it to the court to judge of its value. But I do not understand that the defendant in a creditor’s bill is bound to answer the averments that the defendant has property, &c. to the amount of one hundred dollars, or that the bill is not filed by collusion, at all. These averments are required, by a rule of the court, to be inserted in the bill, and of course it would be defective in form without them. They con *492 stitute, however, no part of the plaintiff’s case. It is not necessary for him to prove them, to entitle him to the relief sought. The rule for determining whether an answer to any particular averment is necessary is to ascertain whether it is material to the plaintiff, to enable him to obtain the relief he seeks, to have the proof, or admission of such averment. If the proof will avail the plaintiff in obtaining relief, he is entitled to an answer; otherwise the defendant is not bound to answer, for his answer would be immaterial. The first exception is therefore disallowed.
The defendant has annexed to his answer a schedule of property and effects, and states that it contains, according to the best of his knowledge and remembrance, as well as his understanding, information, hearsay, and belief, a true and full statement of all his estate real and personal, whether in his own right, or in right of his wife, of every description, goods, chattels, money, stock, book accounts, due bills, promissory notes, bonds, mortgages, judgments and other choses in action, and each of them, belonging to the defendant, or in which he had any interest, or in which, at the time of the commencement of the suit in which the judgment was recovered, and from thence until the time of filing the plaintiff’s bill, whether standing in his name, or in the name or in the hands of any other person or persons, for his use or in trust for him, either express or implied, and what disposition has been made of each of the same, &c.
The second exception is founded upon the statement of the bill, that the defendant has a considerable amount of money or of legal or equitable debts, <kc. due to him. The answer, in addition to the statements already referred to, denies that the defendant had considerable money, &c. due to him. This part of the answer, taken by itself, might be deemed uncertain and evasive. The answer is certainly inartificially drawn, but I think the part of the answer to which I have already referred, sufficiently answers the matter of this exception. It must therefore be disallowed.
For the same reason the third exception is also disallowed. This exception is founded on the allegation that the defendant *493 has debts, &c. to a considerable amount due to him from different persons whose names are unknown to the plaintiff. The defendant has denied that he has debts due to him from persons whose names are unknown to the plaintiff. Whether or not the names of the defendant’s debtors were known to the plaintiff, is immaterial. The only part of the allegation which it was necessary for the defendant to answer, was the charge that he had debts due to him, and this, as I have already stated, is sufficiently answered in another part of the answer.
The fourth exception must also be disallowed. The defendant has unnecessarily denied that he has money, &c. the situation, value and particulars of which are unknown to the plaintiff. Another part of the answer already mentioned is deemed to give a sufficient account of the defendant’s property in this respect, and therefore the whole of that part of the answer to which this exception relates, might properly have been omitted.
The fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, and fifteenth exceptions, all depend upon the same question. The bill charges that at the time of the commencement of the suit, the defendant had some interest in some real estate, &c. The defendant denies that he had some interest in some real estate. This denial, it is contended, is not a sufficient answer to the charge. To meet the affirmative charge in the bill, it is insisted that the defendant should have denied that he had any interest in any real estate. The form of expression adopted by the defendant in denying literally the charge of the plaintiff is certainly inelegant, and perhaps not grammatically correct. But I think it would be too rigid a criticism, to hold that the defendant had not in this instance, by following the language of the affirmative charge in the bill, in his negative reply, substantially met the charge. I think he could be convicted of perjury upon this statement, if it should be proved that he had any interest in any real estate. Besides, he has given a sufficient account of all the matters embraced in these exceptions in another part of the answer. All these exceptions are therefore disallowed.
The fourteenth exception is also disallowed for the same reasons *494 which have been stated in reference to the fourth. I think the sixteenth and seventeenth are well taken. The fact that the personal property and real estate held by the defendant in right of his wife, had been delivered over to a receiver appointed in the suit between the defendant and his wife, does not excuse the defendant from giving the best account of such property and estate which he is able to give. The statements in the schedule forming a part of the answer in relation to this property, are not sufficiently explicit. These exceptions are, therefore, allowed—but the eighteenth exception which relates to the same matter, must be disallowed. The answer states that the property was all duly delivered over to the receiver by the defendant “long previous to the rendition of the plaintiff’s judgment.” I do not think the defendant was bound to specify, more particularly when the delivery was made.
The nineteenth, twentieth, and twenty-first exceptions must be allowed. The defendant merely states that all his interest, such as he had, in the verdict recovered by him against the Berean Church, was disposed of and assigned to one James Dodds. The plaintiff had a right to know what his interest in that verdict was, and when it was assigned, and the particulars in relation to the disposition of his interest.
■ The twenty-second exception is also well taken. The defendant is required, by an interrogatory in the bill, to state which of the debts due him are good and collectible, and which doubtful and bad. The answer admits a debt due from Deck, but omits to state the character of the debt.
The twenty-third, twenty-fourth, and twenty-fifth exceptions are also allowed. The defendant has admitted that due bills to the amount of $200 were either in the hands of the receiver, or his wife, counsel, or some other person unknown to the defendant, but has omitted to state the names or places of residence of the persons against whom the due bills are held, and the amount of such due bills respectively, and the character thereof. For the same reasons the twenty-sixth and twenty-seventh exceptions are also allowed. The plaintiff is entitled to the costs of the exceptions'allowed, and the defendant having *495 succeeded upon a majority of the exceptions, is also entitled to costs. The usual order for a further answer must be entered, and the costs to which the defendant is entitled may be set off against the plaintiff’s costs.